# *Raymond L. Colón, Esquire*

*Attorney and Counselor at Law*
*45 Broadway, 31st Floor • New York • New York 10006*
*Phone (212) 964-8030 Fax (646) 219-2999*
Email: *rlcolonesq@aol.com*

*Member New York and New Jersey Bars*

February 4, 2016

VIA ECF
Honorable Richard J. Sullivan
United States District Court Judge
Southern District of New York
40 Foley Square
New York, New York 10007

      Re:    USA v. Noel Cuello
             Docket No.: 1:15 CR 219-01 (RJS)

## SENTENCING MEMORANDUM

Dear Judge Sullivan,

      As the Court is already aware, on September 14, 2015 the defendant pleaded guilty before Your Honor to Count two of indictment 1:15 CR 219-01 (RJS). Count two charges the defendant with conspiracy to commit wire fraud, between at least in or about 2009 and at least in or about spring 2014, in violation of Title 18, United State Code, Section 1349.

      This Sentencing Memorandum is submitted on behalf of the defendant Noel Cuello. For the reasons set forth below and facts duly noted in the Pre-Sentence Investigation Report (PSR) Parts A-The Offense (page 20, paragraph 95) and C-Offender Characteristics (page 21, paragraph 104 to page 27, paragraph 149), the defendant submits that there exist circumstances, factors or offender characteristics which warrant a sentence outside of the stipulated guidelines range. Accordingly, those factors or characteristics should be considered in imposing a sentence consistent with the letter and spirit of Title 18 U.S.C. §3553(a). The defendant will augment this memorandum with additional oral advocacy on the day of sentencing.

## Discussion

**Post-*Booker* Sentencing**

      The Supreme Court held in *United States v. Booker,* 543 U.S. 220 (2005), that the mandatory nature of the United States Sentencing Guidelines violated the Sixth Amendment. This left 18 U.S.C. § 3553(a) in effect and assigned greater significance to the factors annunciated in that section. The Supreme Court and our Circuit have confirmed that under the advisory Guidelines

regime, "a sentencing judge has very wide latitude to decide the proper degree of punishment for an individual offender and a particular crime." *United States v. Cavera,* 550 F.3d 180, 188 (2d Cir.2008); *see also Gall v. United States, 552* U.S. 38 (2007).

The Supreme Court's holding(s) in *Gall* are particularly relevant in this case. There, the Supreme Court articulated the more reasonable sentencing philosophy:

> As a matter of administration and to secure nationwide consistency, the Guidelines should be the starting point and the initial benchmark. The Guidelines are not the only consideration, however. Accordingly, after giving both parties an opportunity to argue for whatever sentence they deem appropriate, the district judge should then consider all of the §3553(a) factors to determine whether they support the sentence requested by a party. In so doing, *he may not presume that the Guidelines range is reasonable ... He must make an individualized assessment based on the facts presented.* If he decides that an outside-Guidelines sentence is warranted, he must consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance.

As the leading precedents make clear, post-*Booker,* sentencing courts retain their discretion to depart or vary from the Sentencing Guidelines. The Guidelines have now been replaced by nuanced, individualized assessment, guided by the factors set out in § 3553(a); the underlying principle is reasonableness and a sentence should not be greater than necessary to achieve its purpose. Finally, and perhaps most critically, the Guidelines are not presumed to be reasonable, and a sentence below the Guidelines range is plainly not defective.

### Factors Warranting an Outside the Guidelines Sentence

On April 29, 2010, the U.S. Sentencing Commission submitted to Congress its annual proposed amendments to the U.S. Sentencing Guidelines. Unless Congress intervened, the proposed amendments became effective November 1st. In addition to some miscellaneous and technical amendments, the 2010 amendments proposed changes to the Guidelines, accompanying policy statements, and official commentary sections. Most of the recommended changes could actually reduce penalties and allow more opportunities for probationary sentences.

Two such amendments relate to Chapter Five of the Guidelines, which is the basic framework for determining an appropriate sentence. In proposing the amendment to Part A of Chapter Five, the commission expanded the availability of alternatives to incarceration.

The second amendment to Chapter Five of the Guidelines relates to Part H, specific offender characteristics. This amendment, which appears to be a response to *Gall v. United States*, replaces the existing introductory commentary with a more detailed framework for courts to utilize when considering specific offender characteristics. Generally, the revised introductory commentary directs courts to consider specific offender characteristics when determining a sentence within the applicable guidelines range and not as a means to assign a sentence outside of

the applicable range. The amendment to Part H also removes the previous admonition in several of the substantive provisions that deemed specific offender characteristics not ordinarily relevant. Accordingly, under this amendment, factors such as age, mental and emotional conditions, physical condition (i.e. substance abuse) are all relevant in determining whether a variance is warranted.

### Sentencing Memorandum Addendum

With the Court's permission, letters from Noel Cuello relatives and friends will be filed under separate ECF cover. These submissions clearly express the love and affection felt for the defendant by his loved ones and their willingness to support him. *See e.g. United States* v. *Hernandez-Castillo,* No. 05 Cr. 1033 (RWS), 2007 WL 1686686, at *5 (S.D.N.Y. June 7, 2007)("Also pursuant to §3553(a)(l), the Court takes note of the significant network of friends and family that is ready to support *Hernandez-Castillo* upon his release from prison").

### Conclusion

We concede that the defendant has been convicted of a serious crime. However, after *Booker*, the Guidelines calculus should be outweighed by more compelling factors, such as are present here. Consequently, it is respectfully requested that a sentence outside the Guidelines would not contravene §3553(a)'s statutory command that a court "impose a sentence sufficient, but not greater than necessary, to comply with the purposes" of post *Booker* sentencing.

Respectfully,

/S/
_____
Raymond L. Colón, Esq.

cc: AUSA Daniel C. Richenthal
　　AUSA Sarah R. Krissoff
　　AUSA Amanda L. Houle
　　One Saint Andrew's Plaza
　　New York, New York 1007

　　U.S. Probation Officer Johnny Y. Kim