**MANDATE**

16-704
United States v. Cuello

N.Y.S.D. Case #
15-cr-0219(RJS)

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

    At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 6th day of July, two thousand seventeen.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: July 28, 2017

PRESENT: DENNIS JACOBS,
        PIERRE N. LEVAL,
        REENA RAGGI,
           Circuit Judges.

- - - - - - - - - - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA,
        Appellee,

    -v.-                                         16-704

NOEL CUELLO,
        Defendant-Appellant.

- - - - - - - - - - - - - - - - - - - - - - - - -X

FOR APPELLANT:                 GLENN A. GARBER (Robert Rickner, on the brief), Glenn A. Garber, P.C., New York, NY.

FOR APPELLEE:                  DANIEL C. RICHENTHAL (Anna M. Skotko, on the brief),

MANDATE ISSUED ON 07/27/2017

                                    Assistant United States
                                    Attorney, _for_ Joon H. Kim,
                                    Acting United States Attorney
                                    for the Southern District of
                                    New York, New York, NY.

   Appeal from a judgment of the United States District Court for the Southern District of New York (Sullivan, _J._).

   **UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED**.

   Defendant-appellant Noel Cuello appeals from a judgment of the United States District Court for the Southern District of New York (Sullivan, _J._) convicting him on a guilty plea of conspiracy to commit wire fraud in violation of 18 U.S.C. § 1349, and sentencing him principally to 108 months' imprisonment. On appeal, Cuello argues that the government breached the plea agreement, and he asks to be resentenced before a different judge. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

   Cuello's plea agreement contains several provisions that bear on this appeal. First, the parties stipulated to a Guidelines range (the "Stipulated Guidelines Range") of 78 to 97 months' imprisonment. This range reflected a sentencing enhancement for the number of victims, but not for the sophisticated means employed in the commission of the offense. Second, it was agreed that "neither a downward nor an upward departure from the Stipulated Guidelines Range . . . is warranted," and that "neither party will seek any departure or adjustment pursuant to the Guidelines that is not set forth herein . . . [n]or . . . suggest that the Probation Office or the Court consider such a departure or adjustment under the Guidelines." J.A. 83–84. Third, the agreement permitted either party to "seek a sentence outside of the Stipulated Guidelines Range based upon the factors to be considered in imposing a sentence pursuant to [18 U.S.C. §] 3553(a)," to "present to the Probation Office or the Court any facts relevant to sentencing," and to "make any arguments regarding where within the Stipulated Guidelines Range (or such other range as

the Court may determine) the defendant should be sentenced."
J.A. 84.  Finally, the parties agreed that if the Probation
Office or the district court -- neither of which was bound by
the Stipulated Guidelines Range -- were to contemplate any
adjustments, departures, or calculations not incorporated in
the plea agreement or any sentence outside of the Stipulated
Guidelines Range, each could properly "answer any inquiries and
. . . make all appropriate arguments concerning the same."  J.A.
84.

Cuello argues that the government breached the plea
agreement by objecting to the Draft Presentence Report's
omission of a number-of-victims enhancement (which was included
in the plea agreement) while not objecting to the inclusion of
a sophisticated-means enhancement (which was omitted from the
plea agreement).  After Cuello failed to submit any objections
or respond to the government's objection, the final Presentence
Report ("PSR") included both a number-of-victims enhancement
and a sophisticated-means enhancement.  The two enhancements,
both adopted by the district court, brought the Guidelines range
to 97 to 121 months (higher than the Stipulated Guidelines Range
of 78 to 97 months).[1]

Cuello contends that the government also breached the plea
agreement at the sentencing hearing.  Specifically, he points
to the government's request for a sentence of "at least as long
as 97 months," J.A. 325, and its introduction of damaging facts,
including Cuello's involvement in a separate tax fraud scheme,
his lack of candor with law enforcement, and his possession of
firearms.

This Court "review[s] interpretations of plea agreements
de novo and in accordance with principles of contract law."
United States v. Riera, 298 F.3d 128, 133 (2d Cir. 2002).  "To
determine whether a plea agreement has been breached, we look

---

[1] At the sentencing hearing, the district court acknowledged
that the parties' agreement did not provide for a
sophisticated-means enhancement.  However, the court
concluded, and defense counsel agreed, that such an enhancement
was appropriate.  In fact, defense counsel stated that the PSR
was "accurate."  J.A. 336.

3

to the reasonable understanding of the parties as to the terms of the agreement." Id. (internal quotation marks and brackets omitted). "[B]ecause plea bargains require defendants to waive fundamental constitutional rights, prosecutors are held to meticulous standards of performance." United States v. Vaval, 404 F.3d 144, 152-53 (2d Cir. 2005).

Where, as here, a defendant did not object in the trial court to the government's alleged breach of the plea agreement, we review for plain error. United States v. MacPherson, 590 F.3d 215, 218 (2d Cir. 2009). That is a high bar. See Puckett v. United States, 556 U.S. 129, 135 (2009).

No plain error was committed. It is by no means plain that the government's conduct violated the plea agreement. With respect to the Draft Presentence Report, the government was not bound to remain silent regarding the omission of an enhancement (for the number of victims) that the parties agreed was applicable. Nor was it bound to object to an enhancement (for sophisticated means) not included in the parties' agreement. Contrary to Cuello's contention, the government's failure to object to this enhancement did not amount to an impermissible "suggest[ion] that the Probation Office or the Court consider . . . a departure or adjustment under the Guidelines."[2] J.A. 84. See United States v. Lawlor, 168 F.3d 633, 637 (2d Cir. 1999) ("[T]he government's failure to object to the PSR did not constitute a breach of the plea agreement."); cf. United States v. Salcido-Contreras, 990 F.2d 51, 53 (2d Cir. 1993) (per curiam) (stating that the government did not breach the plea agreement because "no provisions in the agreement remotely compel the government to justify to the court conclusions agreed to by the parties in the plea agreement or make any representations on [the defendant's] behalf at sentencing").

With respect to the government's advocacy at sentencing, we similarly identify no breach. The plea agreement permitted

---

[2] The government explained in its sentencing submission that it took no position as to whether a sophisticated-means enhancement applied. At the sentencing hearing, it was defense counsel, not the government, that stated that this enhancement applied.

4

the government's request for a sentence of "at least as long as 97 months," J.A. 325, after the district court calculated a 97-to-121-month Guidelines range and asked the parties to address the § 3553(a) factors. See J.A. 84 (permitting either party to: "seek a sentence outside of the Stipulated Guidelines Range based upon the factors to be considered in imposing a sentence pursuant to [18 U.S.C. §] 3553(a)"; "make any arguments regarding where within the Stipulated Guidelines Range (or such other range as the Court may determine) the defendant should be sentenced"; and "answer any inquiries and . . . make all appropriate arguments concerning" the court's contemplation of a "sentence outside of the Stipulated Guidelines Range"). The plea agreement likewise allowed the government to introduce facts that were relevant to sentencing. See id. (permitting either party to "present to the . . . Court any facts relevant to sentencing").

Accordingly, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK



A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit